**UNITED STATES of America, Appellee,**

v.

**Michael Joseph HAYWARD and Michael Stern, Defendants–Appellants.**

**Nos. 07–0331–cr (Lead), 07–0336–cr (con).**

United States Court of Appeals, Second Circuit.

July 30, 2008.

Jonathan P. Bach, (Jason M. Koral, Allison J. Hersh, on the brief), Cooley Godward Kronish LLP, New York, NY, for Michael Hayward.

David Meister, (Daniel Richman, on the brief), Clifford Chance LLP, New York, NY, for Michael Stern.

Lauren Goldberg, Assistant United States Attorney, (Anthony S. Barkow, Celeste L. Koeleveld, Assistant United States Attorneys, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: Hon. RICHARD C. WESLEY and Hon. PETER W. HALL, Circuit Judges, Hon. JOHN G. KOELTL,* District Judge.

## SUMMARY ORDER

Defendant–Appellants Michael Hayward and Michael Stern appeal from judgments entered January 25, 2007, in the United States District Court for the Southern District of New York (Stein, J.), convicting them, following jury trials, of securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b–5, and 18 U.S.C. § 2. We assume the parties' familiarity with the facts, the procedural context, and the specification of appellate issues.

Defendants were specialists on the trading floor of the New York Stock Exchange ("NYSE"), responsible for executing trades in particular securities for NYSE customers in addition to trading for their firm's "proprietary" accounts. *See, e.g., In re NYSE Specialists Sec. Litig.,* 503 F.3d 89, 92 (2d Cir.2007). Defendants were charged with violating the securities laws by trading for their proprietary accounts instead of matching executable buy and sell orders from NYSE customers—practices also implicating NYSE Rule 92(a), which prohibits a proprietary trade when the specialist "has knowledge of any particular unexecuted customer's order to buy (sell) such security that could be executed at the same price."

---

* The Honorable John G. Koeltl, United States District Court for the Southern District of New York, sitting by designation.

Section 10(b) of the Securities Exchange Act of 1934 prohibits the use "in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered ... any manipulative or deceptive device or contrivance." 15 U.S.C. § 78j(b). Since the Government concedes that Defendants' conduct was not manipulative, the question is whether the Government sufficiently proved that it was deceptive. In a recent opinion, we held that the Government failed to prove that similar conduct by another NYSE specialist was deceptive within the meaning of the 1934 Act, and affirmed the district court's judgment of acquittal. *See United States v. Finnerty*, 533 F.3d 143, 145–46 (2d Cir.2008). In *Finnerty*, we observed that " 'deception' ... irreducibly entails some act that gives the victim a false impression," but the Government "identified no way in which Finnerty communicated anything to his customers, let alone anything false." *Id.* at 148–49. At most, the Government proved that Finnerty violated a NYSE rule, but "violation of an NYSE rule does not establish securities fraud in the civil context, let alone in a criminal prosecution." *Id.* at 151 (citation omitted).

*Finnerty* compels the same result here. Both parties conceded that the evidence offered to convict Finnerty was largely indistinguishable from the proof submitted to convict Defendants. As in *Finnerty*, that evidence was insufficient to prove "deception." As a result, Defendants' convictions must be reversed.

Accordingly, for the reasons set forth above, the judgments of the district court are REVERSED.